UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KELLY THACKER, | ) | COLLECTIVE ACTION UNDER THE |
| KRIS HALL, and | ) | FAIR LABOR STANDARDS ACT |
| KELLY COOPER, | ) | |
| on behalf of themselves and | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | CAUSE NO. 1:18-cv-2573 |
| | ) | |
| v. | ) | |
| | ) | |
| ULTIMATE HOME SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   Nature of the Case

1.      The plaintiffs, Kelly Thacker ("Thacker"), Kris Hall ("Hall"), and Kelly Cooper ("Cooper"), on behalf of themselves and others similarly-situated (collectively referred to as "Plaintiffs," unless otherwise stated herein), bring this cause of action against the defendant, Ultimate Home Services, LLC (hereinafter "UHS" or "Defendant"), to recover unpaid overtime compensation, as well as an additional amount as liquidated damages, and costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §§ 201 to 219, a law of the United States regulating interstate commerce, and specifically under the provisions of section 16(b) of the Act, as amended (29 U.S.C. § 216(b)).

### II.   Parties

2.      Thacker has resided within the Southern District of the State of Indiana at all relevant times.

3. Hall has resided within the Southern District of the State of Indiana at all relevant times.

4. Cooper has resided within the Southern District of the State of Indiana at all relevant times.

5. Defendant is located within the Southern District of Indiana.

### III.   Jurisdiction and Venue

6. Jurisdiction is conferred on the court by 28 U.S.C. § 1337 and by the section 16(b) of the FLSA (29 U.S.C. § 216(b)).

7. Plaintiffs are individuals who are, or were, employed by UHS and are "employees" within the meaning of 29 U.S.C. § 203(e).

8. UHS is a "corporation" within the meaning of 29 U.S.C. § 203(d).

### IV.   Factual Allegations

9. Plaintiffs and other employees of Defendant similarly situated are, and at all times pertinent to this complaint were, Estimator/Schedulers primarily in the work of scheduling appointments for Defendant's sales people to give estimates for costs of services to prospective clients and/or laborers to install flooring for clients.

10. At all times pertinent to this complaint, Plaintiffs and other employees of Defendant similarly situated were employees of Defendant, an Indiana corporation, with its principal office located in Indianapolis, Indiana, and, at all times pertinent to this complaint, defendant corporation was engaged in the business of installing flooring in Indiana, Ohio and Michigan.  At all times pertinent to this complaint, defendant has annual sales of $500,000 or more and/or has engaged in interstate commerce.

11. At the times pertinent to this complaint, Defendant failed to comply with the FLSA, in that Plaintiffs and other employees similarly situated have worked for Defendant in excess of the maximum hours provided by the FLSA, but provision was not made by Defendant to pay Plaintiffs and other employees similarly situated, and payments were not made to Plaintiffs and other employees similarly situated by defendant, at the rate of one and one-half times the regular rate for the hours worked by Plaintiffs and other employees similarly situated in excess of the hours provided for in the statute.

12. The services provided by Defendant through Plaintiffs and other employees similarly situated to Plaintiffs was directly essential to Defendant's operations of floor installation which moved in interstate commerce, and Plaintiffs and other employees similarly situated therefore were all engaged in commerce or in the production of goods for commerce as that term is used in the FLSA, while employed by Defendant.

13. At the times pertinent to this complaint, Plaintiffs and employees similarly situated to Plaintiffs were required to work in excess of 40 hours each week, often working through the lunch hour and/or working after the end of the traditional workday. Plaintiffs and employees similarly situated to Plaintiffs were instructed to continue to work until the job was done, meaning that all estimations and installations were scheduled. In addition, Plaintiffs and employees similarly situated to Plaintiffs were required at times to process invoices and were often forced to wait for laborers to submit paperwork at the end of the traditional workday in order to process the invoices.

14. Defendant has failed to pay Plaintiffs and employees similarly situated to Plaintiffs for all hours worked and all wages earned by them.

15. At the times pertinent to this complaint, Defendant has employed dozens of Estimators/Schedulers who would qualify as plaintiffs in this matter. The number of potential plaintiffs in this matter is so numerous that joinder of all members is impracticable.

16. At the times pertinent to this complaint, Defendant did not have a good faith basis to claim that it reasonably believed that it was not required to pay Estimators/Schedulers overtime pay.

17. By reason of Defendant's refusal to pay the unpaid overtime wages due to Plaintiffs and other employees similarly situated to Plaintiffs, it has been necessary for them to employ attorneys to prosecute this cause for them.

## V.   Violation of the Fair Labor Standards Act

18. Plaintiffs hereby incorporate paragraphs 1 - 17 of their Complaint.

19. Defendant has failed to compensate Plaintiffs for all overtime wages earned by them.

20. Plaintiffs have suffered injury as a result of Defendant's unlawful conduct.

21. Defendant's actions have been intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the FLSA.

## VI.   Relief Requested

WHEREFORE, Plaintiffs, Kelly Thacker, Kris Hall, and Kelly Cooper, by counsel, respectfully requests that this Court find for them and:

1. Manage and oversee the joinder of any additional Estimators/Schedulers currently employed by, resigned from, or were terminated by Defendant, who wish to be a part of this action pursuant to the FLSA so as to assure that joinder of these individuals is accomplished in

an efficient and proper way, including, but not limited to, ordering Defendant to produce a list of names, addresses, locations of employment, employee numbers, and dates of employment of individuals employed as Estimators/Schedulers at any time during the preceding three (3) years and authorizing Kelly Thacker, Kris Hall, and Kelly Cooper to send notices to Schedulers/Estimators to notify them of this action and of their rights;

    2.    Order that Defendants pay to Plaintiffs all unpaid overtime wages and/or benefits;

    3.    Order that Defendant pay to Plaintiffs liquidated (or treble) damages on all unpaid wages and/or benefits;

    4.    Order that Defendant pay to Plaintiffs pre- and post-judgment interest;

    5.    Order that Defendant pay Plaintiffs' costs and attorneys' fees incurred in litigating this action; and

    6.    Order that Defendant provide to Plaintiffs any and all other legal and/or equitable relief that this Court sees fit to grant.

    Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
Spenser G. Benge (33955-48)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel:   317-388-5424
Fax:   317-947-1863
Email:  jason@clcattorneys.com
          spenser@clcattorneys.com

## **DEMAND FOR JURY TRIAL**

The Plaintiffs, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
Spenser G. Benge (33955-48)