UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY THACKER, <br> KRIS HALL, and <br> KELLY COOPER, <br> on behalf of themselves and <br> others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ULTIMATE HOME SERVICES, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:18-cv-2573-TWP-DLP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANT'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT**

Defendant Ultimate Home Services, LLC ("Ultimate Home") submits the following motion requesting the Court to approve the individual settlements in this matter, and in support, states as follows:

1. On August 21, 2018, plaintiffs Kelly Thacker, Kris Hall, and Kelly Cooper (collectively, "Plaintiffs") filed a complaint on behalf of themselves and others similarly situated and alleged that Ultimate Home failed to compensate plaintiffs for overtime wages earned in violation of the Fair Labor Standards Act ("FLSA").

2. Ultimate Home denies Plaintiffs' allegations.

3. Plaintiffs did not move for collective and/or class certification.

4. In reviewing an FLSA settlement, the "Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 (N.D. Ill. Oct. 6, 2011).

24169963.1

5. Here, there is a bona fide dispute over FLSA provisions. Ultimate Home denies that it required Plaintiffs to work in excess of 40 hours each week or that it failed to pay Plaintiffs for all hours and wages earned by them.

6. The parties have resolved their bona fide dispute by entering into a settlement, a copy of which is attached as **Exhibit A**.

7. The proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute.

8. In determining whether an FLSA settlement is fair and reasonable, courts generally examine four factors: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome in doubt; (3) whether the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation; and (4) whether, in the judgment of the parties, the settlement is fair and reasonable. *Cannon v. Time Warner NY Cable LLC*, 2015 WL 4498808 (D. Colo. July 24, 2015). Each of these factors is satisfied in this case.

9. The entire settlement was the result of extensive arm's lengths negotiations undertaken by the parties' counsel in good faith. Although questions of law and fact exist, namely whether Plaintiffs worked overtime hours, the value of an immediate settlement outweighs future potential relief, and both Plaintiffs' counsel and Ultimate Home's counsel are satisfied that the amounts agreed upon represent fair compensation and are the best course of action for each of the three Plaintiffs.

WHEREFORE, defendant Ultimate Home, LLC respectfully requests that the Court approve the settlement agreement attached as **Exhibit A**.

Respectfully submitted,

*/s/Michael C. Terrell*
Michael C. Terrell, #2124-49
Erin T. Escoffery, #31960-29
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
713-3500 – phone
713-3699 – fax
mterrell@taftlaw.com
eescoffery@taftlaw.com

*Counsel for Defendant*
*Ultimate Home Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 Jason P. Cleveland
 CLEVELAND LEHNER CASSIDY
 jason@clcattorneys.com

 Spense Garrett Benge
 CLEVELAND LEHNER CASSIDY
 spenser@clcattorneys.com

              */s/Michael C. Terrell*
              Michael Terrell